**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 18-4041

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VERDON TAYLOR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:17-cr-00029-REP-1)

Submitted: December 31, 2018          Decided: January 14, 2019

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Maureen Leigh White, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, David V. Harbach, II, Michael C. Moore, Janet Jin Ah Lee, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Verdon Taylor and four codefendants were indicted for defrauding insurance companies through a scheme in which they obtained insurance policies, often using false statements, and then filed claims on homes and vehicles damaged by fires they caused. A jury found Taylor guilty of one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012), one count of wire fraud, in violation of 18 U.S.C. § 1343 (2012), two counts of using fire to commit a federal felony, in violation of 18 U.S.C. § 844(h) (2012), and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1) (2012). He was sentenced to 480 months in prison and ordered to pay $950,012.22 in restitution to 17 insurance companies, jointly and severally with his codefendants.

On appeal, Taylor challenges the sufficiency of the evidence on his convictions for witness tampering and conspiracy to commit wire fraud, and on both of his convictions for using fire to commit a federal felony—the specific federal felony in both instances being conspiracy to commit wire fraud. We review the sufficiency of the evidence de novo, but view the evidence and reasonable inferences that may be drawn from it in the light most favorable to the Government, and uphold a guilty verdict as long as a rational factfinder could have found the elements of the crime established beyond a reasonable doubt. *United States v. Palin*, 874 F.3d 418, 424 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1451, 1605 (2018).

A witness tampering conviction requires proof that a defendant (1) knowingly (2) intimidated, threatened, or corruptly persuaded another person, or attempted to do so, or

2

engaged in misleading conduct toward another person (3) with the intent to influence, delay, or prevent (4) any person's testimony in an official proceeding. *See* 18 U.S.C. § 1512(b)(1); *United States v. Edlind*, 887 F.3d 166, 172-73 (4th Cir.), *cert. denied*, 139 S. Ct. 203 (2018).

Taylor's witness tampering charge was based on a 2017 phone call between Taylor and Xavier Howell, who testified at trial that in 2006 Taylor sold her a 1992 Chevrolet Camaro for $500 and paid for her car insurance. Two months later, the car caught on fire while Taylor, Howell, and a third person were inside it. Howell said she did not see Taylor again after the fire, and that he did not return her phone calls when she tried to reach him. Taylor was a lienholder on the car, and when Howell filed an insurance claim, he received a check for $3,041.13 from Progressive Insurance. An agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) contacted Howell in February 2017 to talk about the Camaro. She agreed to take part in a recorded phone call with Taylor in which she would tell him that federal agents wanted to talk to her, and seek his advice on what she should do. The only issue Taylor raises on appeal as to this conviction is whether, during the phone call, he "corruptly persuaded" or attempted to corruptly persuade Howell not to talk to the ATF or testify before a grand jury. He maintains he was only reminding Howell of her constitutional right not to speak to law enforcement.

The Supreme Court addressed the meaning of "knowingly . . . corruptly persuades" in *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005). The Court observed that simply persuading a person, with the intent to cause that person to withhold

3

testimony, is not "inherently malign," citing efforts to convince a witness to invoke his Fifth Amendment right against self-incrimination or his privilege not to disclose confidential marital communications as examples of "innocuous" persuasion. *Id.* at 703-04. The Court limited "knowingly . . . corruptly persuades" to apply only to "persuaders conscious of their wrongdoing." *Id.* at 706. The Court also held that there must be a "nexus" between the obstructive act and the official proceeding affected by the obstruction. *Id.* at 707-08; *see* 18 U.S.C. § 1512(b)(1). Knowingly corrupt persuasion under § 1512(b)(1) cannot exist when the persuader "does not have in contemplation any particular official proceeding" in which the witness' testimony might be material. *Arthur Anderson LLP,* 544 U.S. at 708.

As evidence that Taylor was conscious of wrongdoing and attempted to corruptly persuade Howell not to talk, the Government points out that over the course of the fraud scheme, Taylor interfered with or stopped insurance company and law enforcement investigators' interviews of three of his codefendants. When viewed in that context, Taylor's repeated instructions to Howell to tell the ATF agents to "kiss [her] ass" and to hang up the phone on them could be seen not as advice that she exercise her right against self-incrimination, but as an effort to conceal the criminal conduct at the heart of the conspiracy. *See United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997) (holding that jury could reasonably take similar prior acts as evidence tending to make it less probable that defendant charged with witness tampering acted with innocent purpose). Furthermore, Taylor's asking "Can you do that? Can you do that?" after telling Howell to

4

hang up on ATF agents supports an inference that Taylor was making a request, and that he would benefit if Howell fulfilled it. (J.A. 1023);[1] *see Edlind*, 887 F.3d at 173-74.

Taylor also made comments during the call that could be taken to mean that he thought he could not be prosecuted for the Camaro fire because he believed the statute of limitations had run. But even if a jury *could* have found that Taylor thought he was safe from prosecution and that he therefore did not corruptly persuade Howell, that was not the only rational conclusion a jury could reach. The evidence cited above supports the jury's finding that Taylor did try to corruptly persuade Howell, and we cannot second-guess that view of the evidence. *See Edlind*, 887 F.3d at 175-76.[2]

Taylor also contends that the Government failed to establish a "nexus" between his conduct and Howell's testimony in any official proceeding, arguing that there was no evidence a grand jury had convened or that Howell had been subpoenaed. But 18 U.S.C. § 1512(f)(1) plainly says that for purposes of § 1512, "an official proceeding need not be pending or about to be instituted at the time of the offense." Because Howell said ATF agents wanted to talk to her and twice mentioned a grand jury during the phone call, Taylor had to know it was possible she would testify before a grand jury. That was enough to establish a nexus. *See United States v. Binday*, 804 F.3d 558, 590-91 (2d Cir.

---

[1] "J.A." refers to the joint appendix submitted by the parties.

[2] Moreover, the evidence suggests that Howell's innocent conduct provided her with no rights against self-incrimination, leaving Taylor's case outside the realm of innocuous or innocent persuasion.

2015)*; cf. Arthur Andersen LLP*, 544 U.S. at 707-08.  Accordingly, we affirm Taylor's

witness tampering conviction.

We turn to the other three convictions Taylor challenges on appeal.  To convict

Taylor of conspiracy to commit wire fraud under 18 U.S.C. § 1349, the Government had

to establish that (1) two or more people agreed to commit wire fraud, and that (2) Taylor

willfully joined the conspiracy intending to further its unlawful purpose.  *See United

States v. Burfoot*, 899 F.3d 326, 335 (4th Cir. 2018); *United States v. Chittenden*, 848

F.3d 188, 195 (4th Cir.), *vacated on other grounds*, 138 S. Ct. 447 (2017).  Wire fraud,

the underlying offense, required evidence that Taylor (1) devised or intended to devise a

scheme to defraud, and (2) used or caused the use of wire communications to further the

scheme.  *See* 18 U.S.C. § 1343; *Burfoot*, 899 F.3d at 335.

In challenging his conspiracy conviction, Taylor contends the Government failed

to prove that there was an agreement to commit wire fraud.  In his view, the Government

established only three interstate wire transmissions, which meant only three instances of

wire fraud, which—as Taylor sees it—shows that this was only a conspiracy to commit

arson and insurance fraud in violation of state laws, without the need for interstate

communications.  It was not a conspiracy to commit wire fraud, Taylor argues, because

the defendants did not intend to commit wire fraud and could not have foreseen that wire

fraud was necessary or that interstate transmissions would occur.

Taylor's argument would incorporate an extra element into 18 U.S.C. § 1349 by

requiring proof of an intent to cause wire communications.  Wire fraud, the underlying

offense, only requires proof of wire communications, not proof an intent to cause wire

6

communications; it is enough if the use of wire communications in furtherance of the fraud is reasonably foreseeable, no matter the defendants' intent. *See Burfoot*, 899 F.3d at 335. Proving a conspiracy to commit wire fraud does not require more. *See United States v. Feola*, 420 U.S. 671, 686-87 (1975) (rejecting argument that Government must show degree of criminal intent in conspiracy count greater than is necessary to convict for substantive offense). And Taylor's contention that the defendants could not have foreseen that interstate wire transmissions would occur is beside the point, because the use of wire transmissions must be objectively foreseeable, not subjectively foreseeable. *See United States v. Edwards*, 188 F.3d 230, 233-34 (4th Cir. 1999) (holding that proof that use of mails was objectively reasonably foreseeable was sufficient to support conviction for conspiracy to commit mail fraud, though actual use of mails not proven). The record contains abundant evidence that defrauded insurance companies operated in states other than those in which fires occurred, permitting the jury to find that interstate wire communications were objectively reasonably foreseeable.

Therefore, we affirm Taylor's conviction for conspiracy to commit wire fraud. Because Taylor's challenge to his convictions for using fire to commit a felony depends entirely on his argument that his conspiracy conviction was unsound, which we have rejected, we also affirm his two convictions under 18 U.S.C. § 844(h).

Accordingly, we affirm Taylor's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

7